## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **CARRIE WILLIAMSON, f/k/a Carrie Holzgrafe, Individually, and on Behalf of All Others Similarly Situated,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **Case No.** |
| **FERMI NATIONAL ACCELERATOR LABORATORY, c/k/a Fermilab** | ) ) ) | |
| **Defendant.** | ) | |

### <u>COMPLAINT</u>

### <u>JURISDICTION AND VENUE</u>

1.     Plaintiff brings this action pursuant to Title I of the Americans With Disabilities Act of 1990, Title II of the Genetic Information Nondisclosure Act of 2008 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and genetic information and to provide appropriate relief to Carrie Holzgrafe and a class of similarly situated persons who were adversely affected by these practices, pursuant to Rule 23 (b) (2) and (3).  In addition, Plaintiff asserts common law claims based upon, *inter alia,* her right of privacy.

2.     The Court has jurisdiction of the federal claims under 28 U.S.C. §1331, §1343, §1367.

3.     Venue is appropriate under 28 U.S.C. §1391, because Defendant, Fermi National Accelerator Laboratory ("Fermilab") is subject to personal jurisdiction in this district.

4.     Venue is also appropriate under 28 U.S.C. §1391(b) (2) because a substantial part of the events giving rise to these claims occurred in this district.

## PARTIES

5.      Plaintiff Carrie Williamson is a resident of Naperville, Illinois which is located in DuPage County, Illinois.

6.      Plaintiff was, at all times relevant, employed by Fermilab as an Administrative Support Assistant IV in the Directorate/Program Planning Department.  She was hired by letter dated May 13, 2010.  She started her employment on May 15, 2010.

7.      Plaintiff was fired without warning on July 15, 2010.

8.      Sometime after she started work on May 15, 2010, Plaintiff was required to fill out a medical questionnaire that included questions concerning family medical history, to provide a DNA sample, and to submit to a physical examination for Defendant.

9.      On the questionnaire, Plaintiff disclosed that she suffered from depression and Post-Traumatic Stress Disorder ("PTSD") and is genetically predisposed to heart disease, hypertension, hearing problems and cancer.  Plaintiff then answered further oral inquiries about her family medical history and had a DNA sample taken by Defendant.

10.      Approximately ten days after her physical exam, Plaintiff was required by Fermilab to submit to an EKG test, a hearing test and a vision test.  Prior to her physical exam, there had been no mention of these specific tests.

11.      Shortly thereafter, on July 15, 2010, despite receiving no advance warnings and despite receiving no criticism of her job performance, Plaintiff was fired.

12.      Plaintiff timely submitted a charge to the EEOC charging that she had been discriminated against by the Defendant in violation of both the ADA and GINA.  By letter dated November 9, 2012, the EEOC ultimately made the following Determination: "the evidence obtained in the investigation establishes reasonable cause to believe that Respondent

discriminated against Charging Party because of her disability and her genetic information, in that she was discharged, in violation of the ADA and GINA." The EEOC's Determination further found: "I have also determined that Respondent discriminated against a class of individuals, including Charging Party, by acquiring their genetic information, in violation of GINA."

13.     On April 10, 2013, Plaintiff was issued a Right to Sue letter by the EEOC.

## COUNT I
## (Violation of GINA)

14.     Plaintiff repeats and realleges paragraphs 1-13 as though fully stated herein.

15.     Pursuant to the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C.A. §2000ff-1 ("GINA"): "It shall be an unlawful employment practice for an employer to request, require, or purchase genetic information with respect to an employee or a family member of the employee…"

16.     At some time in the past at a time unknown to the Plaintiff but well known to the defendant, the Defendant required all new employees to submit to a physical exam and to complete a medical questionnaire that included required questions concerning family medical history.

17.     By requiring Plaintiff and all other new employees to submit to a physical exam and answering a medical a questionnaire (the "Class"), Fermilab violated GINA.

18.     Plaintiff and the Class have been damaged thereby.  Pursuant to 42 USC §1981, Plaintiff and the class seek compensatory damages in an amount to be determined at trial and injunctive relief.

19.     Because the Defendant acted with reckless indifference to the rights of Plaintiff and the Class, Plaintiff and the Class also ask for punitive damages in an amount to be determined at trial.

## COUNT II
### (Violation of ADA as to Ms. Williamson only)

20.     Plaintiff repeats and realleges paragraphs 1-13 as though fully set forth herein.

21.     The ADA prohibits discrimination based upon a disability.

22.     Upon information and belief, Plaintiff submits that she was terminated for the reason that she suffers from PTSD.  This is prohibited by the ADA, 42 USC §12101 *et seq*.

23.     42 USC §12112 prohibits discrimination against an individual based upon a disability such as PTSD.  Plaintiff was terminated because she suffers from PTSD.

24.     The termination letter the Defendant gave the Plaintiff on July 15, 2010 stated that the reason for discharge was "deficient job performance."   This ground was a pretext only as Plaintiff's job performance to that point had been without blemish.

## CLASS ALLEGATIONS

25.     With respect to the GINA claim, Plaintiff seek to bring this lawsuit on behalf of herself and on behalf of all others similarly situated, subject to entry of an order certifying this cause as a class action pursuant to F.R.C.P., Rule 23(b)(3).

26.     F.R.C.P. Rule 23(b)(3) provides that a cause of action may be maintained as a class action if:

  a.  The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

  b.  There are questions of law or fact common to the class which predominate over any questions affecting only individual members;

c.  The claims or defenses of the representative parties are typical of the claims or defenses of the class;

d.  The representative parties will fairly and adequately protect the interests of the class; and,

e.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**<u>Class Definition</u>**

27.  Plaintiff seeks Rule 23 certification of the following class:

"All individuals who were hired by the Defendant and who were required to undergo a physical examination and/or to complete a medical questionnaire resulting in the Defendant collecting their DNA information."

**<u>Numerosity</u>**

28.  Plaintiff and the Class satisfy the numerosity standards.  This lawsuit encompasses at least one hundred fifty potential class members and potentially more.  The proposed class can be identified and located using Defendant's payroll and personnel records.  Therefore, the class is so numerous that the joinder of all members is impracticable.  Class members may be informed of the pendency of this Class Action by direct mail based upon and/or published and broadcast notice.

**<u>Common Questions of Fact or Law</u>**

29.  There are questions of fact and law common to the class that predominate over any questions affecting only individual members.  The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

a.  Whether the class members were required to submit to physical examinations and/or to complete questionnaires that revealed their DNA information;

b.  Whether the Defendant made this a condition of employment;

c.  Whether in so doing the Defendant acted knowingly or recklessly:

    d.   Whether Defendant's practice violates the GINA laws;

    e.   Whether the Defendant's failure to pay overtime was willful; and,

    f.   Whether Plaintiff and the class have suffered damages and the proper measure of those damages.

30.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

## Typicality

31.    Plaintiff's claims based upon GINA are typical of the claims of the class members. Plaintiff suffered similar injuries as those suffered by other class members as a result of Defendant's actions.

## Adequacy

32.    The named Plaintiff is an adequate representative of the class because she is a member of the class and her interests do not conflict with the interests of the members of the class she seeks to represent. The interests of the class members will be fairly and adequately protected by the named Plaintiff and her undersigned counsel. Plaintiff has hired competent attorneys who are experienced in class action litigation and who are committed to prosecuting this action.

## Superiority

33.    A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary

duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, individually and, with respect to GINA, Count I, on behalf of all others similarly situated, by her attorneys, demands judgment against the Defendant and in favor of the Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiff for the nature, extent and duration of their damages, the costs of this action and as follows:

A.  Certify this as a class pursuant to F.R.C.P. 23 (b) (2) and (3).

B.  Enter judgment declaring that the Defendant has violated and is violating GINA.

C.  Enter an injunction ordering the Defendant to cease violating GINA.

D.  Award compensatory damages in an amount according to proof;

E.  Award punitive damages for the intentional or reckless violation of GINA in an amount to be determined at trial;

F.  All costs and attorney's fees incurred prosecuting this claim;

G.  Leave to amend to add claims under applicable state and federal laws;

H.  For such further relief as the Court deems just and equitable.

WITH RESPECT to the Plaintiff's Count II brought under the ADA on behalf of her individually, Plaintiff demands judgment against the Defendant and in favor of the Plaintiff,

for a sum that will properly, adequately and completely compensate Plaintiff for the nature, extent and duration of her damages, the costs of this action and as follows:

    A.  Award compensatory damages in an amount according to proof;

    B.  Award punitive damages for the intentional or reckless violation of ADA in an amount to be determined at trial;

    C.  All costs and attorney's fees incurred prosecuting this claim;

    D.  Leave to amend to add claims under applicable state and federal laws;

    E.  For such further relief as the Court deems just and equitable.

### JURY DEMAND

For all matters triable to a jury, Plaintiffs demand trial by jury.

Dated: June 6, 2013

                                        Respectfully Submitted

                                        s/Terrence Buehler _____
                                        One of the Attorneys for the Plaintiffs

Daniel G. Austin
Austin Law Group LLC
1021 West Adams St., Suite 102
Chicago, IL 60607
(312) 829-2300

Terrence Buehler
Touhy, Touhy & Buehler, LLP
55 W. Wacker Dr., Suite 1400
Chicago, IL 60601
(312) 372-2209