IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARRIE WILLIAMSON, f/k/a Carrie Holzgrafe, Individually, and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>FERMI NATIONAL ACCELERATOR LABORATORY, c/k/a Fermilab,<br><br>        Defendant. | Case No.: 1:13-cv-04221<br><br>Honorable Virginia M. Kendall<br><br>Magistrate Judge Mary M. Rowland |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS THE CLASS ALLEGATIONS CONTAINED
IN COUNT I OF PLAINTIFF'S COMPLAINT**

Defendant, Fermi National Accelerator Laboratory c/k/a Fermilab ("Defendant"),[1] submits this Reply in Support of Its Motion to Dismiss the Class Allegations Contained in Count I of Plaintiff's Complaint.

## Introduction

Defendant established in its opening Memorandum that Plaintiff's class allegations improperly exceed the scope of the Charge of Discrimination she filed with the Equal Employment Opportunity Commission ("EEOC") and, therefore, should be dismissed. Specifically, Plaintiff's EEOC Charge made no allegation of class-wide discrimination and contained no reference to any other employee. All of the allegations centered exclusively on Plaintiff and no one else.

---

[1] Plaintiff has incorrectly identified the Defendant. Defendant's correct name is Fermi Research Alliance, LLC.

In response, Plaintiff asks this Court to disregard her inadequate Charge and instead rely exclusively on an after-the-fact determination by the EEOC to find the class allegations in her Complaint "like or reasonably related" to her Charge allegations. But under the relevant case law, Plaintiff's class allegations are not "like or reasonably related" to the allegations actually raised in her Charge. Further, Plaintiff's argument would eviscerate the charge-filing requirement and deprive the charged party both of notice of the conduct about which the employee alleges discrimination and on whose behalf the discrimination claim is brought.[2] Accordingly, Defendant's motion should be granted.

## Argument

### I. Plaintiff's Class Allegations Should Be Dismissed As Outside The Scope Of Her Underlying Charge

#### A. Plaintiff's Charge Contains No Allegations Of Class Discrimination

Plaintiff concedes the critical and dispositive fact — that her EEOC Charge contains no allegations of class discrimination (Pl. Br. p. 2). It is well-established that Plaintiff "can only bring those [employment discrimination] claims in . . . federal court that were included in [her] original EEOC charge." *Bluford v. Swift Transp.*, No. 11-cv-6932, 2012 WL 1755772, at *5-6 (N.D. Ill. May 16, 2012) (Kendall, J.). This rule serves multiple important purposes: it promotes primary jurisdiction in the EEOC to resolve matters involving employment discrimination, it affords the EEOC and the employer an opportunity to settle the articulated dispute through conference and mediation, and it provides warning to the employer of the conduct about which the employee alleges discrimination and on whose behalf the allegations of discrimination are brought. *Id.* at *2.

---

[2] Although Plaintiff relies on the EEOC determination to add what she failed to include in her Charge, the EEOC "decided that it will not bring suit against [Defendant] . . . based on [Plaintiff's] charge" (Def. Br. pp. 2-3).

2

Here, Plaintiff seeks to bring a class action claim for alleged class-wide violations of the Genetic Information Nondiscrimination Act ("GINA") (Dkt. No. 1 ¶ 25). As Plaintiff admits, however, "class allegations were not specified in [her] EEOC" charge (Pl. Br. p. 2).[3] In fact, Plaintiff's Charge is wholly limited to claims that she *individually* was discriminated against (Def. Br. p. 2). "Such allegations do not support a class complaint." *Brady v. Boehringer Ingelheim Pharm., Inc.*, 525 F. Supp. 2d 1034, 1037 (N.D. Ill. 2007).

### B. The Class Allegations Are Not Like Or Reasonably Related To Plaintiff's Charge Allegations Or Growing Out Of Such Allegations

Because Plaintiff's Charge does not include any allegations of class-wide discrimination or otherwise reference any other employees, the class allegations may be litigated in federal court only if they (1) are "like or reasonably related" to the allegations set forth in Plaintiff's Charge, and (2) can reasonably be expected to "grow out of" the allegations. *Bluford*, 2012 WL 1755772, at *3, *5. Because the class allegations do not meet this standard, they are outside the scope of Plaintiff's underlying Charge and should be dismissed.

First, the class allegations are not "like or reasonably related" to the individual allegations contained in Plaintiff's Charge. The Seventh Circuit has made clear that, "[t]o be 'like or reasonably related,' the relevant claim and the EEOC charge 'must, at minimum, describe the same conduct and implicate the same individuals.'" *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 257 (7th Cir. 2011) (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994)); *Teal v. Potter*, 559 F.3d 687, 692 (7th Cir. 2009).

---

[3] Plaintiff offers no explanation as to why she did not include class allegations in her EEOC Charge.

3

Here, the class allegations in the Complaint do not describe the same conduct as Plaintiff's Charge.[4] In fact, Plaintiff's Charge is completely devoid of any description of alleged discriminatory conduct. The Charge states only that Plaintiff was hired and discharged by Defendant and believes she "was discriminated against because of [her] genetic information" (Def. Br. p. 2). In contrast, Count I of Plaintiff's Complaint contains individual and class-wide allegations of specific conduct that allegedly violates GINA (Dkt. No. 1 ¶¶ 14-19). That Plaintiff's Charge and Complaint both allege a violation of GINA is insufficient to show they are likely or reasonably related. *See Cheek*, 31 F.3d at 501 ("Because an employer may discriminate on the basis of sex in numerous ways, a claim of sex discrimination in an EEOC charge and a claim of sex discrimination in a complaint are not like or reasonably related just because they both assert forms of sex discrimination."). In her Charge, Plaintiff appears to assert a claim under 42 U.S.C. 2000ff-1(a) (stating that it is unlawful for an employer to discharge an employee because of genetic information with respect to the employee). On the contrary, Plaintiff's Complaint alleges a violation of 42 U.S.C. 2000ff-1(b) (stating that it is an "unlawful employment practice for an employer to request, require, or purchase genetic information with respect to an employee or family member of the employee") (Dkt. No. 1 ¶¶ 15-17). Plaintiff's Charge and Complaint thus do not describe the same conduct.

Plaintiff makes no attempt to argue that that her class allegations and EEOC Charge "implicate the same individuals." Nor could she as the Charge speaks only of Plaintiff's own employment circumstances and uses the pronouns "I" and "my" exclusively. Plaintiff provides

---

[4] Plaintiff's claim that the first element is satisfied "because the same wrongful conduct [she] alleged in her Charge is the same conduct . . . that gave rise to a reasonable cause determination" (Pl. Br. p. 2) misses the mark. Despite Plaintiff's reliance on the EEOC's determination, the proper comparison is between the alleged discriminatory conduct described in her Charge and the conduct described in her Complaint. *See Moore*, 641 F.3d at 257. Comparing the two demonstrates that they are not like or reasonably related.

no case law finding charge allegations that refer only to the charging party's own employment circumstances "like or reasonably related" to class allegations.[5] To the contrary, courts have held that such individualized allegations are not "like or reasonably related" to class allegations. *See, e.g.*, *Vasich v. City of Chicago*, No. 11-cv-04843, 2013 WL 80372, at *5 (N.D. Ill. Jan. 7, 2013) (charge allegations that "spoke only of discrimination against the charging woman herself, using the pronouns 'I' and 'my,' exclusively" were not like or reasonably related to class allegations in complaint); *Bluford*, 2012 WL 1755772, at *6 (finding class-wide allegations not like or reasonably related to charge allegations that specifically referenced plaintiff as an individual and his treatment by the defendant as an individual); *Brady*, 525 F. Supp. 2d at 1038 (charge allegations that referred only to plaintiff's own employment circumstances were not like or reasonably related to class allegations).

Second, Plaintiff's class allegations do not reasonably "grow out of" her Charge allegations. As described above, there are no allegations in Plaintiff's Charge upon which allegations of class-wide discrimination can be inferred or to give Defendant notice or any reason to anticipate a class claim. Instead, without citation to authority, Plaintiff asks this Court to ignore her Charge and find this element satisfied based solely on the EEOC's after-the-fact determination letter (Pl. Br. p. 2). But as the Seventh Circuit has stated, "it is primarily the charge to which we look in determining whether the scope requirement is satisfied." *Schnellbaecher*, 887 F.2d at 127. Here, there are no allegations in the Charge upon which class

---

[5] Plaintiff's reliance on *Kristufek v. Hussmann Foodservice So., Toastmater Div.*, 985 F.2d 364 (7th Cir. 1993) and *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164 (7th Cir. 1976), is misplaced as neither case involved a question of whether class allegations were within the scope of an individual charge of discrimination. Plaintiff also relies on *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124 (7th Cir. 1989), a case that dismissed class-wide discrimination allegations as outside the scope of the underlying EEOC charge.

5

allegations could reasonably be expected to "grow"; as such, the class allegations should be dismissed.

Allowing Plaintiff to bring and litigate class claims in federal court based on her bare-bones Charge would eviscerate the charge-filing requirement, undermine the purposes of the exhaustion rule, and prejudice Defendant. Indeed, because Plaintiff's Charge failed to describe any alleged class-wide discrimination, it deprived Defendant of an opportunity to meaningfully respond to Plaintiff's Charge allegations.

## II. The Class Period Is Limited To 300 Days Before The EEOC's Determination Letter

Even if the Court allows Plaintiff's class allegations to remain, the class period should be limited to 300 days before the EEOC's determination letter, the first time Defendant arguably received "notice" of a class-wide discrimination claim.

As Defendant established in its opening Memorandum, the purpose behind "the requirement that allegations not contained in an EEOC charge cannot be contained in the complaint is that the defendant must have notice of the charge" (Def. Br. p. 5). Plaintiff does not dispute this underlying purpose and concedes that Defendant did not receive "fair notice" of Plaintiff's class claim until the EEOC's September 28, 2012 determination letter (Pl. Br. p. 3).

Nonetheless, Plaintiff claims the class period should extend back 300 days from July 26, 2010, the date of her Charge of individual discrimination (Pl. Br. pp. 3-4). Rather than citing any case law supporting her position, Plaintiff claims only that Defendant "misconstrues" *Vasich*, 2013 WL 80372 (Pl. Br. p. 4). However, if class allegations are allowed, the reasoning and holding of *Vasich* fully support limiting the class period to 300 days before the EEOC's determination letter. In *Vasich*, the court noted that the purpose of requiring allegations in a lawsuit to be contained in an EEOC charge is that that the defendant must have notice of the allegations and an opportunity to voluntarily comply with anti-discrimination laws without

6

litigation. *Id.* at \*7. To serve this purpose, the court used the date defendant first received notice of the class-wide claims — a 2010 EEOC charge containing explicit allegations of class-wide discrimination — to define the class period. *Id.* (stating that the purpose of the Title VII "exhaustion" requirement would not be served by allowing the class period to extend back any further than when the defendant received notice). Here, Defendant had no notice of a class-wide discrimination claim until the EEOC's determination letter; thus, just as in *Vasich*, the purpose of the "exhaustion" requirement would not be served by allowing Plaintiff's class period to extend back from her July 2010 Charge.[6]

Because it was not until the EEOC's September 28, 2012 determination letter that Defendant received notice of a class-wide discrimination claim, that notice must define the class period if a class claim is allowed to proceed at all. That class period would begin December 3, 2011 — 300 days before the EEOC determination letter.

---

[6] As in *Vasich*, Plaintiff "fail[s] to support [her] argument that when an investigation, not a charge, is the source of the defendant's notice, that notice 'relates back' to the date of the charge." *Vasich*, 2013 WL 80372, at \*7 n.5.

**Conclusion**

Based on the reasons in this Reply and the reasons set forth in its August 6, 2013 Memorandum (Dkt. No. 8), Defendant requests that the Court dismiss the class allegations contained in Count I of Plaintiff's Complaint or, in the alternative, limit the class period for Plaintiff's claim.

**DATED: September 12, 2013**                     Respectfully submitted,

FERMI RESEARCH ALLIANCE, LLC

By_____Kara L. Goodwin_____
          One of Its Attorneys

Thomas J. Piskorski
Kara L. Goodwin
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Telephone:    (312) 460-5000
Facsimile:    (312) 460-7000

## **CERTIFICATE OF SERVICE**

I, Kara L. Goodwin, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE CLASS ALLEGATIONS CONTAINED IN COUNT I OF PLAINTIFF'S COMPLAINT to be served upon the following, via the Court's electronic case filing system, on this 12th day of September, 2013:

>Terrence Buehler
>Touhy, Touhy & Buehler, LLP
>55 W. Wacker Dr., 14th Floor
>Chicago, IL 60601
>(312) 372-2209

                                                    Kara L. Goodwin