IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARRIE WILLIAMSON, f/k/a Carrie Holzgrafe, individually and on behalf of all others similarly situated, </br></br> Plaintiffs, </br></br> v. </br></br> FERMI NATIONAL ACCELERATOR LABORATORY, c/k/a Fermilab, </br></br> Defendant. | 13 C 4221 </br></br> Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Carrie Williamson filed suit on behalf of herself and similarly situated individuals against Fermi National Accelerator Laboratory, c/k/a Fermilab[1] for violation of the Genetic Information Nondisclosure Act of 2008 (GINA), via 42 U.S.C. § 1981, when Fermilab required all employees to submit to a physical exam and questionnaire that included questions about family medical history. Ms. Williamson also alleges, for herself only, that Fermilab unlawfully discharged her from her position as administrative assistant in violation of Title I of the Americans With Disabilities Act of 1990 (ADA).

Fermilab moves to dismiss the class action portion of Count I of Ms. Williamson's Complaint on grounds that Williamson did not exhaust administrative remedies because her EEOC charge allegations did not contain and are not reasonably related to allegations of class-wide discrimination. In the alternative, Fermilab argues that the Court should limit the class

---

[1] Defendant states that this is the incorrect name for Defendant. According to Defendant, the correct name is Fermi Research Alliance, LLC. (Def. Mem. 1). Because the caption has not yet been amended, we will refer to the name used in Plaintiff's Complaint.

1

period to the period beginning December 3, 2011, 300 days before the EEOC issued its determination letter dated September 28, 2012. For the following reasons, the Motion to Dismiss the class claims is denied.

## FACTS

When considering a motion to dismiss, all reasonable inferences must be drawn in favor of the non-moving party, and the veracity of the well-pleaded allegations is assumed. *See Killingsworth v. HSBC Bank,* 507 F.3d 614, 618 (7th Cir. 2007) (citing *Savory v. Lyons,* 469 F.3d 667, 670 (7th Cir. 2006)). On May 13, 2010 Fermilab hired Williamson by letter as an Administrative Support Assistant IV in the Directorate/Program Planning Department. (Compl. ¶ 6). Williamson started her employment with Fermilab on May 15, 2010. *Id.* Sometime after starting her job at Fermilab, Fermilab required Williamson to fill out a medical questionnaire, provide a DNA sample, and submit to a physical examination. *Id.* at ¶ 8. On the questionnaire, which included questions regarding Williamson's family medical history, Williamson disclosed that she suffered from depression and Post-Traumatic Stress Disorder (PTSD) and is genetically predisposed to heart disease, hypertension, hearing problems, and cancer. *Id.* at ¶ 8-9. Approximately ten days after her physical exam, Fermilab required Williamson to submit to an EKG test, a hearing test, and a vision test. *Id.* at ¶ 10.

On July 15, 2010, Williamson was fired without warning from her employment at Fermilab. *Id.* at ¶ 7. The termination letter stated that the reason for the discharge was "deficient job performance." *Id.* at ¶ 24. Up until being fired, Williamson had received no warnings or criticism of her job performance. *Id.* at ¶ 11. Williamson filed a timely charge to the EEOC, alleging that Fermilab had discriminated against her in violation of both the ADA and GINA. *Id.* at ¶ 12. Williamson's charge in relevant part stated,

> "I began my employment with Respondent on May 15, 2010 and my most recent position was Administrative Assistance. On July 15, 2010, I was discharged.
>
> I believe I was discriminated against because of my disability, in violation of the Americans with Disability Act of 1990, as amended.
>
> I also believe I was discriminated against because of my genetic information, in violation of the Genetic Information Non-discrimination Act of 2008." (Def. Ex. 8-1).[2]

By letter dated September 28, 2012[3] the EEOC made the following determination,

> …the evidence obtained in the investigation establishes reasonable cause to believe that Respondent discriminated against Charging Party because of her disability and her genetic information, in that she was discharged, in violation of the ADA and GINA.
>
> . . .
>
> I have also determined that Respondent discriminated against a *class of individuals*, including Charging Party, by acquiring their genetic information, in violation of GINA.

(Compl. ¶ 12) (emphasis added).

On April 10, 2013, the EEOC issued a Right to Sue Letter to Williamson. (Cmplt. at ¶ 13). This action commenced on June 6, 2013. Williamson alleges that Fermilab violated GINA by requiring all new employees, including Williamson, to submit to a physical exam and to complete a medical questionnaire that included required questions concerning family medical history. *Id.* at ¶ 16-17. Williamson further alleges that Fermilab terminated her employment

---

[2] Williamson did not include a copy of the EEOC Charge in her Complaint. However, because she relies on the Charge in her Complaint and it is central to her claim, the Charge is considered part of the pleadings and may be considered in ruling on Fermilab's motion to dismiss. *See EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 778 (7th Cir. 2007).

[3] Williamson states the date of the Determination Letter as November 9, 2012, while Fermilab presents a Determination Letter dated September 28, 2012. Since Williamson provided a copy of this letter and relies heavily on the September 28, 2012 date, the Court accepts the date of September 28 as reflected on the document. *See* FED. R. CIV. P. 10(C).

3

because she suffers from PTSD in violation of the ADA, 42 U.S.C. § 12101 *et seq.* and that any claim of deficient job performance by Fermilab was only pretext. *Id.* at ¶ 22, 24.

## STANDARD OF REVIEW

A motion to dismiss tests the sufficiency of a complaint, not its merits. *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) citing *Triad Assocs., Inc. v. Chicago Hous. Authority,* 892 F.2d 583, 586 (7th Cir.1989). A complaint must only contain an identification of the basis of jurisdiction and a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true…'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). On a motion to dismiss, a court considers to be true all well pleaded allegations, as well as any inferences reasonably drawn therefrom. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008). A court may also consider documents attached to the complaint as part of the complaint. *Tierney v. Vahle,* 304 F.3d 734, 738 (7th Cir. 2002); *see also* Fed. R. Civ. P. 10(c).

## DISCUSSION

### I.  Class Allegations

Williamson argues that Fermilab violated GINA, 42 U.S.C § 2000ff-1, as to herself and to a Class of individuals when Fermilab required Williamson and all other new employees to submit to a physical exam and answer a medical questionnaire. Fermilab argues that the Court should dismiss the class allegations contained in Count I of Williamson's Complaint for failure to exhaust administrative remedies with the EEOC because Williamson did not explicitly make

4

allegations of class-wide discrimination or discrimination allegedly suffered by others in her Charge to the EEOC.

As a general rule, a plaintiff cannot bring a discrimination claim in a lawsuit that was not included in her EEOC charge. *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 94 S. Ct 1011, 1019 (1974). This rule affords the EEOC and the employer an opportunity to "settle the dispute through conference, conciliation, and persuasion" and gives the employer notice of the charge. *Id.; see also Schnellbaecher v. Baskin Clothing Co.*. 887 F.2d 124 (7th Cir. 1989). But because most EEOC charges are completed by laypersons, a plaintiff need not allege in an EEOC charge each and every fact that forms the basis of each claim in her complaint. *Cheek*, 31 F.3d at 500. Likewise, the charge need not explicitly state that the plaintiff intends to pursue representative action. *See Anderson v. Montgomery Ward & Co., Inc.*, 852 F.2d 1008, 1017, (7th Cir. 1988) ("[W]e do not believe that such an explicit mention that a representative action is contemplated is necessary.") Factual allegations in a complaint need not be laid out in an EEOC charge as long as they are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976).

In the present case, although the determination letter written to by the EEOC to Fermilab following investigation of Williamson's charge contains findings of class-wide discrimination, Williamson's initial charge to the EEOC does not. Fermilab relies on several cases to support the conclusion that this omission in Williamson's charge requires us to dismiss Williamson's class allegations notwithstanding the contents of the EEOC's subsequent letter; however, only two of the cases cited were decisions on Rule 12. They are *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124 (7th Cir. 1989) and a case from this Court, *Bluford v. Swift Transp.*, No. 11-

5

6932, 2012 WL 1755772 (N.D. Ill. May 16, 2012). The nature and circumstances of these cases are distinguishable from the present case for an important reason: the notice that the EEOC's investigation provided to Fermilab.

The *Schnellbaecher* court affirmed the dismissal of the plaintiff's class allegations because the EEOC charges in question each referred to only specific individual instances of discrimination. *Schnellbaecher*, 887 F.2d at 128. However, in reaching its decision the court focused on the defendant's lack of notice of a pending class action. *See id.* at 127-128 (stating "Neither the charge nor the ensuing investigation put Baskin…*on notice* of the plaintiffs' intention to file a lawsuit containing allegations of class-wide discrimination." (emphasis added)). Also unlike the present case, in *Schnellbaecher,* the scope of the EEOC's investigation into the plaintiff's charge was much narrower than the allegations set forth in the subsequent complaint. *Id.* at 128 ("Because both the EEOC charge and the ensuing investigation were insufficient to put the defendants on notice of any intention of the plaintiffs to make allegations of class-wide discrimination in their complaint, the district judge was correct in dismissing the charges of class-wide discrimination.")

In *Bluford*, this Court dismissed the plaintiff's class allegations because "the original Charge contain[ed] no reference to any class-wide allegations…" 2012 WL 1755772 at *6. But the circumstances leading to the plaintiff's complaint in *Bluford* were different from the present case, because EEOC had not issued Bluford a Determination Letter, as it did here, making a finding about class-wide discrimination. Therefore, we concluded in Bluford that "the investigation in the instant case was insufficiently broad to adequately put Swift *on notice* that Bluford intended to file a complaint alleging class-wide discrimination." *Bluford*, 2012 WL 1755772 at *6 (emphasis added).

6

The circumstances of the present case, namely the EEOC's determination of class-wide discrimination, merit a different conclusion, because although Williamson's initial charge may not have put Fermilab on notice of allegations of class-wide discrimination, the Determination Letter certainly did so. In light of this fact, the reasoning of another case of this district, *U.S. E.E.O.C. v. Roadway Exp., Inc.*, is more persuasive than either of Fermilab's suggested precedents. *Roadway*, No. 06-C-4805 2007 WL 2198363 (N.D. Ill. Jul. 31, 2007). In *Roadway*, as here, the EEOC issued a Determination Letter finding "…reasonable cause to believe that [Roadway] discriminated against a class of employees, including Charging Party…" *Roadway*, 2007 WL 2198363 at *1. Unlike this case, the plaintiff in *Roadway* did include class allegations in his EEOC charge. *See id.* at *1. However, the *Roadway* court again focused on the notice to the defendant when determining which class-wide allegations would continue. *Id.* at *6 ("The EEOC's ensuing investigation and determination were sufficiently broad to put Roadway *on notice* of a potential class-action challenging its overall disciplinary system.") (emphasis added).

The purpose of limiting a plaintiff's complaint to the allegations in the EEOC charge is to provide notice to the charged party and to promote conciliation. *Schnellbaecher*, 887 F.2d at 126. The Determination Letter sent to Williamson and Fermilab on September 28, 2012, finding discrimination against a class of individuals and inviting Fermilab to participate in conciliation, meets both of those goals in the present case. The EEOC, in its determination letter, does not indicate a mere belief that Fermilab discriminated against a class, but states "I have *determined* that Respondent discriminated against a class of individuals…" (Def. Ex. 8-2) (emphasis added). This determination was sufficient to put Fermilab on notice that Ms. Williamson and/or a broader class of individuals might pursue legal action against them.

In light of the determination letter, it is not appropriate to dispose of Ms. Williamson's class claims at the motion to dismiss phase when it is clear from the Determination Letter that the EEOC discovered facts that it believed supported findings of class discrimination while conducting its investigation into Ms. Williamson's charge. It is clear from the Determination Letter that, after Ms. Williamson filed her initial charge, the EEOC found *something* indicating class-wide discrimination, and the Letter provided adequate notice to Fermilab of the existence of a potential class.

**II.     Limitation of Class Period to 300 Days Prior to Determination Letter**

In the alternative, Fermilab argues that the class period should be limited to 300 days before the EEOC's Determination Letter, dated September 28, 2012. In support of its argument, Fermilab relies almost entirely on *Vasich v. City of Chicago*, No. 11-04843, 2013 WL 80372 (N.D.Ill. Jan. 7, 2013), a case in which multiple women brought individual charges to the EEOC and later collectively brought a class claim against the City of Chicago. The *Vasich* court measured the 300-day class period from the date of the latest charge filed, which was the only one to include class allegations. *Vasich*, 2013 WL 80372 at *7. In making its decision, the *Vasich* court expressed concerned with the notice the defendant had "that the discrimination was against not only the claimant but an entire group of people." *Id.* at *4 (citing *Schnellbaecher*, 887 F. 2d at 127-128).

The class period should be measured from the point at which Fermilab knew that the allegations of discrimination extended beyond the plaintiff to a group. *See Schnellbaecher*, 887 F.2d at 127-128. In the present case, at this early stage in the case it is not apparent when Fermilab became aware of existence of a potential class.  Instead, the pleadings provide bookends to that notice – a charge made on July 26, 2010 containing no class allegations, and a

8

Determination Letter dated September 2012 summarizing the EEOC's investigation and finding of class-wide discrimination. At some point between the execution of these two documents, the EEOC conducted an investigation and uncovered facts indicating to the EEOC that Fermilab engaged in class-wide discrimination. It follows that Fermilab, at some point during the EEOC investigation, obtained notice of potential class-wide concerns. This notice occurred at the latest with the letter dated September 28, 2012, but quite possibly before. At this early stage in the case there is not enough information to set this date specifically. Therefore, Fermilab's alternative motion to limit the period to 300 days before September 28, 2012 is denied without prejudice to raise the issue again in connection with a response to any motion for class certification.

## CONCLUSION

For the reasons stated herein Fermilab's Motion to Dismiss the class allegations is denied, and Fermilab may raise its alternative argument regarding the date for commencement of the 300-day window in response to any motion for class certification.

                                                  _____
                                                  Virginia M. Kendall
                                                  United States District Court Judge
                                                  Northern District of Illinois

Date: November 7, 2013