# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CARRIE WILLIAMSON, f/k/a<br>CARRIE HOLZGRAFE, | )<br>)<br>) | |
| Plaintiff, | )<br>) | No. 13 C 4221 |
| vs. | )<br>) | Judge Jorge L. Alonso |
| FERMI NATIONAL ACCELERATOR<br>LABORATORY, c/k/a Fermilab, | )<br>)<br>) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff sues defendant for its alleged violations of the Americans with Disabilities Act ("ADA") and the Genetic Information Nondiscrimination Act ("GINA"). The case is before the Court on defendant's Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment. For the reasons set forth below, the Court grants the motion.

## Facts

In May 2010, defendant hired plaintiff as an administrative support assistant, and on July 15, 2010, it fired her. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 2-3.) On July 26, 2010, plaintiff filed a charge of discrimination with the EEOC alleging that defendant discriminated against her because of her disability and genetic information. (*Id.* ¶ 4.)

On March 5, 2012, plaintiff filed a *pro se* voluntary petition for Chapter 7 bankruptcy protection. (*Id.* ¶ 6; Pl.'s LR 56.1(b)(3)(C) Stmt. ¶ 2.) On the portion of the petition that asks plaintiff to list "contingent and unliquidated claims of every nature," plaintiff wrote "N" for none. (*See* Def.'s LR 56.1(a) Stmt., Tab 3, Bankr. Pet., Schedule B.) In her statement of financial affairs,

filed with the bankruptcy court on April 2, 2012, where it asks her "[to] [l]ist all suits and administrative proceedings to which [she] is or was a party within **one year** immediately preceding the filing of [her] bankruptcy case," plaintiff listed only "Asset Acceptance v. Carrie Holzgrafe." (*Id.*, Tab 4, Statement of Financial Affairs at 3) (emphasis in original).

At some point between March 5, and July 23, 2012, plaintiff told the bankruptcy trustee, Gina Krol, about plaintiff's EEOC charge against defendant and gave Krol a copy of it. (*See* Pl.'s LR 56.1(b)(3)(C) Stmt., Ex. 3, Williamson Aff. ¶¶ 4-6; *id.*, Ex. 4, Krol Aff. ¶ 4.) On July 23, 2012, Krol held a creditors' meeting at which plaintiff and Krol discussed the EEOC charge, and Krol told plaintiff to amend her petition to include it. (*Id.*, Ex. 3, Williamson Aff. ¶ 7; *id.*, Ex. 4, Krol Aff. ¶ 5; *see* Def.'s Reply Supp. Mot. Summ. J., Ex. 1, Tr. Creditors' Meeting at 8-14.) Plaintiff did not, however, amend the petition. (*See generally* Def.'s LR 56.1(a) Stmt., Tab 3, Bankr. Pet.)

On August 9, 2012, Krol reported that she "made a diligent inquiry into the financial affairs of the debtor and the location of the property belonging to the estate; and that there [was] no property available for distribution from the estate over and above that exempted by law." (Pl.'s LR 56.1(b)(3)(C) Stmt., Ex. 4, Krol Aff. ¶ 7.)

On September 28, 2012, the EEOC District Director issued a determination letter to plaintiff, which states in relevant part:

> I have determined that the evidence obtained in the investigation establishes reasonable cause to believe that [defendant] discriminated against [plaintiff] because of her disability and her genetic information, in that she was discharged, in violation of the ADA and GINA.
>
> I have also determined that [defendant] discriminated against a class of individuals, including [plaintiff], by acquiring their genetic information, in violation of GINA.

(Def.'s LR 56.1(a) Stmt., Tab 2, Letter from EEOC to Pl. (Sept. 28, 2012).) Plaintiff says she did not learn about the determination letter until December 26, 2012, because the EEOC mailed it to the wrong address. (Pl.'s LR 56.1(b)(3)(C) Stmt., Ex. 3, Williamson Aff. ¶¶ 13-18.)

On June 6, 2013, plaintiff filed this suit.

## Discussion

To prevail on a summary judgment motion, "the movant [must] show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

Defendant argues that plaintiff lacks standing to pursue the claims in this suit because they belong to the bankruptcy estate. According to the Bankruptcy Code, all of plaintiff's property, including this claim, became part of the estate when she filed her petition. *See* 11 U.S.C. § 541(a)(1) (stating that "[t]he commencement of a case under [Chapter 7] . . . creates an estate" that is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case"). Nonetheless, plaintiff contends that the trustee abandoned these claims because the record, viewed in her favor, suggests that: (1) plaintiff told Krol about, and gave her a copy of, the charge; (2) Krol spoke to the EEOC about it; (3) Krol told plaintiff the charge was not an asset, and thus did not have to be listed in the petition; (4) Krol took no action to prosecute the charge on behalf of the estate; and (5) after learning about and investigating the charge, Krol issued a report

3

stating that plaintiff had no assets to distribute. (*See* Pl.'s LR 56.1(b)(3)(C) Stmt. ¶ 2; *id.*, Ex. 3, Williamson Aff. ¶¶ 5-8; *id.*, Ex. 4, Krol Aff. ¶¶ 4-7, 12.)

A bankruptcy trustee cannot, however, abandon estate property implicitly or inadvertently. Rather, she can do so only "[a]fter notice and a hearing," if the property "is burdensome to . . . [or] of inconsequential value and benefit to the estate" or if the bankruptcy court so orders. *See* 11 U.S.C. § 554(a), (b). Moreover, closing a bankruptcy case constitutes abandonment of estate property only if the property was "scheduled," *i.e.*, listed in the bankruptcy petition. *See* 11 U.S.C. § 554(c). Unscheduled property remains property of the estate. *See* 11 U.S.C. § 554(d); *Nationwide Acceptance Corp. v. Markoff, Krasny, Goldman, Grant*, No. 99 C 5632, 2000 WL 1230434, at *3 (N.D. Ill. Aug. 23, 2000) ("If . . . unscheduled property is not abandoned pursuant to § 554, that property remains part of the estate even after the closing of the bankruptcy case.").

It is undisputed that the EEOC charge was not scheduled in plaintiff's bankruptcy petition, and there is no evidence that suggests trustee Krol or the court effected a statutory abandonment of the property. (*See generally* Def.'s LR 56.1(a) Stmt., Tab 3, Bankr. Pet.) Thus, it remains property of the estate. *See Kleven v. Walgreen Co.*, 373 Fed. App'x 608, 610 (7th Cir. 2010) (holding that the district court properly substituted the bankruptcy trustee for an employment discrimination plaintiff because "the event giving rise to the claim occurred before the debtor filed [his petition]," and thus, "the claim belongs to the trustee, who has exclusive power to prosecute it"); *Biesek v. Soo Line R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006) ("A Trustee in bankruptcy may abandon worthless or low value assets, including legal claims, *see* 11 U.S.C. § 554, and if the Trustee had abandoned this claim then Biesek could have prosecuted the suit in his own name. . . . But this claim is not worthless, and the Trustee . . . has not abandoned it – a step that requires notice to the creditors,

which has never been given, and the opportunity for a hearing."). Because the record establishes that plaintiff's claims belong to the bankruptcy estate, she lacks standing to pursue them.

## **Conclusion**

For the reasons set forth above, the Court grants defendant's motion for summary judgment [25] and dismisses this case for lack of subject matter jurisdiction. This case is terminated.

**SO ORDERED.**            **ENTERED:  January 27, 2015**

_____
**HON. JORGE ALONSO**
**United States District Judge**